RECEIVED

JUN - 3 2009

TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JOE RISER | CIVIL ACTION NO. 07-CV-2044 |
| VERSUS | JUDGE DOHERTY |
| SMILE COMMUNITY ACTION AGENCY | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING & ORDER

Currently pending before the Court are: (1) a Motion for Default Judgment [Doc. 18] filed by plaintiff Joe Riser; (2) a Motion to Set Aside Entry of Default [Doc. 20] filed by defendant Smile Community Action Agency ("Smile"); and (3) a "Motion and Order for Leave of Court to Amend the Objection to Motion in Opposition to the Motion to Set Aside Default"[1] [Doc. 28] filed by plaintiff. Based on the following, plaintiff's Motion for Default Judgment is **DENIED**, defendant's Motion to Set Aside Entry of Default is **GRANTED**, and plaintiff's Motion for Leave is **DENIED**.

### I. Procedural Background

On November 27, 2007, Joe Riser filed this civil action in the Western District of Louisiana, seeking damages against his employer Smile, alleging "the salary he was paid was far less then [sic] what the previous center manger [sic] had been paid as women [sic] doing the same position" in violation of 29 U.S.C. § 206 ("Minimum wage").[2] [Doc. 1, ¶¶ IV, VI] On March 31, 2008, the Clerk

---

[1] The Court would characterize this motion as a Motion for Leave to Supplement Plaintiff's Memorandum in Opposition to Defendant's Motion to Set Aside Entry of Default.

[2] The complaint is silent as to whether or not plaintiff remains employed with Smile. Additionally, the Court notes 29 U.S.C. § 206 ("Minimum wage") is the only statutory authority explicitly referenced in the complaint. [Id. at ¶ VI ("That the actions are in violation of 29 U.S.C. Section 206. That the discrimination and the equal pay act violation was filed with EEOC. That the plaintiff further the allegations [sic] that the defendant discriminate [sic] against [sic] because he was male center manager.")]

1

of Court issued a Notice of Intent to Dismiss for Failure to Effect Service. [Doc. 2] Thereafter, plaintiff was granted two extensions of time to complete service. [Doc. Nos. 4] On June 18, 2008, plaintiff filed what purports to be an executed summons into the record.[3] [Doc. 11] On September 22, 2008, the Clerk of Court issued a Notice of Intent to Dismiss for Failure to Prosecute, more specifically, because no responsive pleading or default had been entered within 60 days following service of process in accordance with LR41.3W. [Doc. 12] On September 25, 2008, plaintiff filed a "Motion for Default Judgment" [Doc. 13], which the Clerk of Court deemed as a Motion for Entry of Default. *See* FED.R.CIV.P. 55. On September 30, 2008, the Clerk of Court issued a Notice of Entry of Default. [Doc. 14]

On October 16, defendant filed its first document in this matter, namely, a Motion for Extension of Time to File Answer. [Doc. 15] However, the motion was deemed deficient by the Clerk's office, who issued a notice of deficiency stating: "The document was filed on behalf of a party against which default has been entered. The only pleading permissible from a party in default is a motion to set aside the default." [Id.] On October 17, 2008, defendant filed a Motion to Set Aside Entry of Default [Doc. 20], along with its proposed Answer to the Complaint. That same date, the clerk's office redocketed plaintiff's original motion for default judgment (which the clerk's office had previously converted to a motion for entry of default), and referred the motion for default

---

[3]The summons appears to be deficient, in that it is incomplete. Specifically, when a summons is executed and filed into the record, the server is to select one of four options which "indicate [an] appropriate method of service" (*i.e.* "served personally upon the third-party defendant," "left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein," "returned unexecuted," or "other"). None of the boxes has been checked, nor has any other information as to execution of service been provided, and thus, this Court is unable to ascertain from the record whether service was proper in this matter. [Doc. 11]

2

judgment to this Court for disposition. [Doc. 18][4]

## II. Applicable Law

Federal Rule of Civil Procedure 55 provides in pertinent part as follows:

**(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

**(b) Entering a Default Judgment.**

...

**(2) By the Court.** ... [T]he party must apply to the court for a default judgment. ....

**(c) Setting Aside a Default or a Default Judgment.** The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

As the Fifth Circuit has succinctly stated:

A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. FED.R.CIV.P. 55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*.

New York Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996)(emphasis in original).

The entry of a *default judgment* is committed to the sound discretion of the district court.

Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir.2001). As stated by the Fifth Circuit:

The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver. Default judgments are a drastic remedy, not favored by the

---

[4]It is unclear from the docket sheet why the clerk's office took these various actions with regard to plaintiff's motion for default judgment. Moreover, it is not clear to this Court that a default should have been entered at all. Plaintiff did not present evidence, by affidavit or otherwise, showing that defendant was properly served, as required by Rule 55(a). *See e.g.* F.D.I.C. v. Holland, 995 F.2d 222, *2 (5th Cir. 1993); *see also* n.2, *supra.*

3

Federal Rules and resorted to by courts only in extreme situations. As the District of Columbia Circuit has stated, they are "available only when the adversary process has been halted because of an essentially unresponsive party."

Sun bank of Ocala v. Pelican Homestead and Sav. Ass'n, 874 F.2d 274, 276 (5th Cir. 1989)(quoting H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C. Cir. 1973)). "[A default judgment] is only appropriate where there has been a clear record of delay or contumacious conduct." E. F. Hutton & Co. v. Moffatt, 460 F.2d 284, 285 (5th Cir. 1972). "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir.1996). Rather, there must be a sufficient basis in the pleadings for granting a default judgment. Nishimatsu Const. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). As noted above, a court "may set aside a *default judgment* under Rule 60(b)." FED.R.CIV.P. 55(c)(emphasis added).[5]

---

[5]FED.R.CIV.P. 60(b) states as follows:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

4

In cases where only a *default* has been entered (as opposed to a default judgment), in addition to the reasons provided for under Rule 60(b), the Court may also set aside the entry of default upon a showing of good cause. FED.R.CIV.P. 55(c).

> The requirement of 'good cause' has generally been interpreted liberally. Three factors are examined for determining "good cause" *vel non*: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. These factors are not exclusive; instead, they are to be regarded simply as a means to identify good cause. Other factors may be considered, such as whether the party acted expeditiously to correct the default.

Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales, Inc., 346 F.3d 552, 563 (5th Cir. 2003)(internal punctuation and citations omitted). "The three factors ... are not talismanic," and courts may rely on other factors, such as whether: "(1) the public interest was implicated, (2) there was a significant financial loss to the defendant, and (3) the defendant acted expeditiously to correct the default." Matter of Dierschke, 975 F.2d 181, 184 (5th Cir.1992). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default. That decision necessarily is informed by equitable principles." Id. As with a default judgement, it is left to the court's discretion to determine whether an entry of default should be set aside. Hargray v. City of New Orleans, 12 F.3d 1099 (5th Cir. 1993).

### IV. Discussion

In support of its Motion to Set Aside Entry Default, defendant argues its failure to answer was not "grossly negligent"[6], setting aside the entry of default will not prejudice plaintiff, and it has

---

[6] Defendant states the first factor courts should look to when determining whether good cause exists to set aside an entry of default is "(1) whether the default was the result of gross negligence," relying upon Robinson v. Griffith, 108 F.R.D. 152, 154 (W.D.La. 1985)(J. Shaw). The Robinson court relied upon U.S. v. One Parcel of Real Property, 763 F.2d 181 (5th Cir. 1985) for this statement of the law. However, when one looks to One Parcel of Real Property, that Court actually stated the factors a court should look to are "whether the default was willful, whether setting it aside would prejudice the

5

presented meritorious defenses in its Answer. Specifically, defendant argues plaintiff did not serve defendant for more than six months after the filing of the complaint, plaintiff served the wrong company[7], "attempts were immediately made to contact plaintiff's counsel and obtain an extension of time in which to plead immediately after counsel was retained," defendant filed a motion to set aside the entry of default the day after it learned an extension of time to plead was unavailable, defendant has presented several meritorious defenses in its proposed answer[8], and "[b]ecause plaintiff would more than likely have to present evidence to the Court beyond the allegations of his complaint there is no prejudice to the plaintiff."[9] [Doc. 25, pp. 3 - 4] The Court finds the foregoing is sufficient to constitute "good cause" pursuant to the jurisprudence cited above. Moreover, as plaintiff has failed to show "there has been a clear record of delay or contumacious conduct," and because "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations," the Court finds issuance of a default judgment would be

---

adversary, and whether a meritorious defense is presented." Id. at 183. The term "gross negligence" is not used in the case at all. Regardless, plaintiff's specific argument in this matter as to whether or not it was grossly negligent is equally applicable to whether or not its default was willful.

[7]The complaint in this matter names as defendant, "P.J. Smile Head Start." The summons lists the name of the entity to be served as "Smile Headstart." Defendant states the correct defendant is "Smile Community." [Doc. 25, p.2]

[8]Some of the asserted defenses are: failure to state a claim upon which relief can be granted, plaintiff was an at-will employee subject to termination for any reason, all decisions regarding the employment and pay of plaintiff were made for legitimate, non-discriminatory and non-retaliatory reasons, and plaintiff's claims are barred by the applicable statute of limitations and for failure to comply with administrative prerequisites. [Doc. 20]

[9]*See e.g.* One Parcel of Real Property at 183 ("Furthermore, there is no evidence in the record that the United States will be prejudiced if the default decree is set aside. That setting aside the default would delay forfeiture of the property if the government were to succeed at trial or would require the government to litigate the action is insufficient prejudice to require the default decree to stand.")

inappropriate.[10]

Finally, plaintiff has filed a Motion for Leave to Supplement its Opposition to Defendant's Motion to Set Aside Entry of Default [Doc. 28], whereby plaintiff attempts to submit his affidavit, as well as various documentary evidence in support of his case on the merits. Because the Court has determined a default judgment is inappropriate in this matter, the motion is denied at this time as premature.

### IV. Conclusion

Due to the foregoing, plaintiff's Motion for Default Judgment [Doc. 18] is hereby **DENIED**, defendant's Motion to Set Aside Entry of Default [Doc. 20] is hereby **GRANTED**, and plaintiff's Motion for Leave [Doc. 28] is hereby **DENIED**.

THUS DONE AND SIGNED this ___3___ day of June, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[10]The only argument plaintiff's counsel has provided this Court as to why a default judgment would be appropriate in this matter is: (1) she never agreed to an extension of time for defendant to answer the complaint, and (2) plaintiff would be prejudiced by setting aside the default, "[t]hat prejudice includes but not limited to additional litigation expenses and cost that the plaintiff would not have to expend if the motion to set aside the default is denied." [Doc. 25, ¶¶ V, VII] These reasons are insufficient for this Court to enter a judgment by default. *See* n.8, *supra*.